UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **PEDRO ANTONIO HERNANDEZ,** | ) | **CASE NO. 4:06 CV 1389** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **ROBERT M. TAPIA**, | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

       On June 6, 2006, pro se petitioner Pedro Antonio Hernandez filed the above-captioned petition pursuant to 28 U.S.C. § 2241.  Mr. Hernandez brings this action against Warden Robert M. Tapia at the Northeast Ohio Correctional Center in Youngstown, Ohio (NEOCC) where he is presently confined.  He argues that the Bureau of Prisons (BOP) violated his right to due process when it failed to properly credit his federal sentence.

*Background*

       Mr. Hernandez was convicted on June 28, 2001 of selling a controlled substance in

New York State. The court sentenced to a term of 2 - 4 years imprisonment. Two months after his state sentence was imposed, Mr. Hernandez was interviewed by an agent from the Immigration and Naturalization Service (I.N.S.) at the Ulster Correctional Facility in Napanoch, New York. During the course of the interview Mr. Hernandez states that he admitted to re-entering the United States as an illegal immigrant.

On September 3, 2002, Mr. Hernandez was transported from state prison to face charges in the Southern District of New York. Fifteen days later, he was arraigned on federal charges of illegal re-entry into the United States in violation of 18 U.S.C. §1326(A),(B) and (C). On March 17, 2003, the United States District Court for the Southern District of New York sentenced petitioner to 77 months in prison.

Attached to the petition are copies of the grievance forms Mr. Hernandez executed in support of his request for sentencing credit. Beginning on October 18, 2005, he submitted his BP form requests for administrative remedies to the prison staff. In his grievances, he asserted that his federal sentence should have commenced on September 3, 2002, not the March 17, 2003 date selected by the Bureau of Prisons (BOP). He appealed this issue all the way through to the Administrator for National Inmate Appeals, who denied his appeal on April 14, 2006.

In his habeas petition before this court, Mr. Hernandez asserts that the BOP violated his right to due process by failing to comply with the sentence imposed by the federal district court on March 17, 2003. He alleges that the judge ordered his federal sentence to run concurrently with his state court sentence. In order to comply with the court's order, Mr. Hernandez reasons that his federal sentence must commence on September 3, 2002, the date he was placed in federal detention pending his arraignment on charges of illegal re-entry. Moreover, he notes that the I.N.S. was aware

of his crime of "re-entry" on August 6, 2001, when an I.N.S. agent interviewed him and he admitted to the crime. He therefore demands that the BOP correct its sentence computation to reflect the federal district court's intention to commence his sentence on the date he was moved from state prison, that is, September 3, 2002.

*Federal Habeas Corpus Petitions*
*28 U.S.C. §2241*

Claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

Here, the court has personal jurisdiction over petitioner's custodian at NEOCC. Furthermore, it is clear that Mr. Hernandez has fully exhausted his available remedies before filing this § 2241 petition for habeas corpus relief. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam).[1] Thus, the matter is properly before the court.

*28 U.S.C. § 2243*

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (2006).  Upon review of the petition before this court, Mr. Hernandez is not entitled to an award of the writ.

---

[1] Mr. Hernandez previously filed a petition for writ of habeas corpus in this court, but the court dismissed it without prejudice for failing to exhaust his administrative remedies. See Hernandez v. Sneizek, No.  4:05cv0806 (N.D. Ohio filed Mar.  29, 2005)(Oliver, J.)

3

*Sentence Commencement*

As a threshold matter, the court must clarify Mr. Hernandez's custodial status during the period of time in which he is seeking credit on his federal sentence. See United States v. Insley, 927 F.2d 185, 186-87 (4th Cir.1991) (holding that "official detention" in 18 U.S.C. § 3585--the successor statute to section 3568--means "physical incarceration").[2]  To do this requires an explanation on when a prison sentence actually "commences."

It is a legal axiom that the state from which a prisoner is transported retains primary jurisdiction over that prisoner as long as the prisoner is serving an unexpired state sentence. See Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir.1991) (producing state prisoner under writ of habeas corpus ad prosequendum does not relinquish state custody); Salley v. United States, 786 F.2d 546, 547-48 (2d Cir.1986) (defendant produced and sentenced in federal court via writ of habeas corpus ad prosequendum did not begin to serve consecutive federal sentence until delivered into federal custody).  Federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir.1992); Hernandez v. United States Attorney General, 689 F.2d 915, 918-19 (10th Cir.1982); Roche v. Sizer, 675 F.2d 507, 509-10 (2d Cir.1982).

At the time Mr. Hernandez was transported from state prison to appear before the United States District Court for the Southern District of New York via writ of habeas corpus ad prosequendum, he was still in state custody.  The state could not relinquish him from its custody because he had an unexpired term of imprisonment to complete.  Therefore, during the time he was

---

[2] At the time Barden was decided the court relied on 18 U.S.C. § 3568 (the predecessor statute to §3585 in effect at that time) to determine when his federal sentence commenced.

awaiting arraignment and sentencing in federal court, Mr. Hernandez's state sentence continued to run and was credited for that period of service.

*Sentence Credit*
*18 U.S.C. § 3585*

The authority to award sentence credit is granted by Congress to the Attorney General pursuant to 18 U.S.C. § 3585(b), rather than to the sentencing court. See United States v. Wilson, 503 U.S. 329, 334 (1992).[3] After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Wilson, 503 U.S. at 335.

Here, the BOP has determined that Mr. Hernandez's federal sentence commenced on the date the court imposed it and he is not entitled to sentencing credit because he was already awarded credit on his state sentence. The reasoning of the BOP is based on settled legal precedent.

Under 18 U.S.C. § 3585(b), credit is allowed for time spent in custody pursuant to an unrelated state offense only if the time has not been credited to another sentence. The legislative history of section 3585(b) states:

---

[3]The statute provides, in relevant part: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b).

5

> Subsection (b) provides that the defendant will receive credit towards the sentence of imprisonment for any time he has spent in official custody prior to the date the sentence was imposed where the custody was a result of the same offense for which the sentence was imposed or was a result of a separate charge for which he was arrested after the commission of the current offense. No credit would be given if such time had already been credited toward the service of another sentence.

S. Rep. No. 225, at 3312(1984), as reprinted in 1984 U.S.C.C.A.N. 3182, 3311-12. Considering the fact that Mr. Hernandez received credit toward his state sentence for the time period he was awaiting federal sentencing, he cannot receive credit for this same time period toward his federal sentence. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 337 (1992); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993). If he were credited for this time against his federal sentence, he would receive improper double credit. See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337; McClain, 9 F.3d at 505. The BOP's computation of his federal sentence to commence on the date the federal sentence was imposed is the fullest expression of the court's authority to run the sentences concurrently.

Based on the foregoing, this action is dismissed. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 2253.

**IT IS SO ORDERED**.

**DATE: 08/03/06**

        s/Christopher A. Boyko
        CHRISTOPHER A. BOYKO
        **UNITED STATES DISTRICT JUDGE**